IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALEXANDER, | : | |
|     Petitioner, | : | 1:14-cv-2494 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DAVID EBBERT, | : | |
|     Respondent. | : | |

# MEMORANDUM

### April 21, 2015

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

On December 29, 2014, Petitioner, Craig Alexander, an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2241. (Doc. 1). Petitioner claims that his due process rights were violated during the course of a prison disciplinary hearing held at the United States Penitentiary in Pollock, Louisiana, where he was charged with the prohibited act of possessing intoxicants. (Doc. 1-1; Doc. 1-2, pp. 2-3).

The Court directed service of the petition on January 21, 2015 and directed Respondent to file a response. (Doc. 4). On February 11, 2015, Respondent filed a response and supporting exhibits. (Doc. 7). On April 1, 2015, Petitioner filed exhibits in support of his petition. (Doc. 8). The petition is ripe for disposition

and, for the reasons set forth herein, the petition will be dismissed for failure to state a cognizable habeas corpus claim.

I.      **FACTUAL BACKGROUND**

Petitioner states that on October 10, 2003, he was charged in Incident Report Number 1143234, with possessing intoxicants, a Code 222 violation. (Doc. 1-2, pp. 2-3; Doc. 7-1, Ex. 1, Attach. B, Inmate Discipline Data Chronological Disciplinary Record, p. 4).

On October 10, 2003, Petitioner appeared before the Discipline Hearing Officer, ("DHO"). (Doc. 7-1, Ex. 1 at ¶ 4, Declaration of L. Cunningham; Doc. 7-1, Ex. 1, Attach. B, Inmate Discipline Data Chronological Disciplinary Record, p. 6). Following a hearing, the DHO determined that Petitioner had committed the prohibited act of possessing intoxicants. (*Id.*). Petitioner was sanctioned to sixty (60) days loss of commissary, with 365 additional days of loss of commissary suspended pending 180 days clear conduct.[1] (*Id.*). Petitioner did not lose any good conduct time as a result of the misconduct. (Doc. 7-1, Ex. 1 at ¶ 5, Declaration of L. Cunningham). Additionally, the result of the hearing did not affect the release date of the life sentence Petitioner is currently serving. (*Id.*).

---

[1] The evidence reveals that this sanction was later executed based on a subsequent DHO matter. (Doc. 7-1, Ex. 1 at ¶ 4, Declaration of L. Cunningham; Doc. 7-1, Ex. 1, Attach. B, Inmate Discipline Data Chronological Disciplinary Record, p. 6).

On September 15, 2014, Petitioner filed an administrative remedy requesting the expungement of numerous incident reports for possessing intoxicants. (Doc. 7-1, Ex. 1 at ¶¶ 7-8, Declaration of L. Cunningham; Doc. 7-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 11). The remedy was rejected and Petitioner was advised that each incident report must be appealed separately. (*Id.*). Petitioner was further advised that he had twenty (20) days from each DHO report to file an appeal. (*Id.*). Petitioner appealed this rejection to the Central Office. (Doc. 7-1, Ex. 1 at ¶ 8, Declaration of L. Cunningham; Doc. 7-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 21). The appeal was rejected and the Central Office directed Petitioner to follow the directions provided in the Regional Office's rejection notice. (Doc. 7-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 21).

**II.    DISCUSSION**

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary

proceedings in which an inmate loses good conduct time. *Id.* Petitioner, however, fails to make a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interest that are protected by the Due Process Clause. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time). To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In the instant action, Petitioner does not allege he lost any good-time credits and his Disciplinary Record confirms that he did not lose any good conduct time. Rather, Petitioner's disciplinary infraction resulted only in a temporary loss of commissary privileges, which does not implicate a protected liberty interest as it did not result in any atypical or significant hardships in relation to the ordinary incidents of prison life. *See, e.g.*, *Gonzelez v. Zickenfoose*, 2014 WL 257850, at *2 (M.D. Pa. 2014) (the temporary loss of commissary, visitation and email privileges do not "implicate a protected liberty interest as they do not result in any atypical or

significant hardships in relation to the ordinary incidents of prison life").

Petitioner challenges the sufficiency of the evidence to find him guilty of the charge of possessing intoxicants. (Doc. 1-2, pp. 3-5). Based upon the alleged due process violation, Petitioner asserts that this Court should grant his habeas petition, expunge the incident report, and restore all privileges lost in connection with the misconduct. (Doc. 1, p. 8). However, where Petitioner was not sanctioned with a loss of good conduct time, but instead was sanctioned with temporary loss of commissary privileges, no liberty interest was implicated, and thus he has no basis to assert this alleged violation of his due process rights through a habeas corpus petition. *See Leamer*, 288 F.3d at 540-42; *Castillo v. FBOP FCI Fort Dix*, 221 Fed. Appx. 172 (3d Cir. 2007). Thus, the petition for writ of habeas corpus will be dismissed.

A separate Order will be issued.